JOSEPH PARKER V. CITY OF LAREDO.

No. 529.

1. **Municipal Corporation—Defective Drain Pipe—Contributory Negligence.**—Plaintiff was damaged by reason of an overflow resulting from a city drain pipe being so stopped up that it failed to carry off the surplus water. He knew of the obstruction beforehand, but failed to remove it or to notify the city, which had no actual knowledge of it. *Held*, that plaintiff's contributory negligence would preclude a recovery.

2. **Same—Constructive Notice.**—Whether the city would be charged with constructive notice of the defect in the drain pipe by reason of the length of time it may have existed, was a question of fact for the jury, dependent on the circumstances of the case, such as the remote or exposed locality of the defect, and the like.

3. **Same—Negligence as to Highways and Drain Pipes—Same Rule.**—There is no difference in principle between the right of a plaintiff, irrespective of knowledge or omission on his part, to recover for negligence on the part of a municipality in reference to sewers and drains, and in reference to defective highways.

APPEAL from Webb.   Tried below before Hon. A. L. McLANE.

*F. B. Earnest* and *J. O. Nicholson*, for appellant.—1. The fact that a city lot is below the grade of the street will not preclude its owner from recovering compensation from the city for injuries to property situated on such lot resulting from a failure of the city to keep a storm water drain pipe open, if such pipe when open would have prevented such injury, notwithstanding the lot was below the grade. A lot owner is not chargeable with contributory negligence because he does not remove obstructions from a drain pipe which it was the duty of the municipal corporation to keep open.   Spangler v. San Francisco, 18 Am. St. Rep., 163; White Lead Co. v. Rochester, 53 Am. Dec., 316; Ashby v. Port Hudson, 24 Am. Rep., 552; Dill. Mun. Corp., 3 ed., sec. 1051, subdiv. 4.

2. Appellant can not be charged with contributory negligence except by evidence showing that he had notice of a present existent and impending danger of damage by the storm water, and with such knowledge failed to take any steps to protect his property.   The mere possibility that a heavy rain might fall, and might be backed up to a point higher than storm water had ever been known to have reached, and that he might have known of such possibility and have taken precautions to protect his property, are too remote to charge him with contributory negligence.

No brief for appellee reached the Reporter.

JAMES, CHIEF JUSTICE.—Appellant sued the city for damages for negligence in respect to a drain pipe which became stopped up and during a rain failed to carry off the water, which led to appellant's cellar being overflowed and his goods damaged.

The material facts are, that appellant had a store with cellar on the highest point on block number 289 in the city of Laredo, and that in the direction which surface water would take in draining from said block, the streets Hidalgo and Vidaurri had been graded and raised, and in order to prevent overflowing of this and other property a drain pipe had been placed under Vidaurri street at such a level and of such construction and capacity as would effectually prevent flooding the place occupied by plaintiff, if kept in order. Under these circumstances, plaintiff moved into the house located as aforesaid.

Before plaintiff moved to block 289, in 1892, he lived on the block just north of it. In April, 1891, he knew of the drain pipe and its uses. At this time a heavy rain fell (4.97 inches), and the water backed over blocks 289 and 286, the block where plaintiff then resided. Plaintiff ascertained that the flooding was caused by the drain pipe being stopped, and assisted in removing the water by cutting a ditch and opening the drain pipe. On this occasion the water did not cover the place where the house in question was afterwards built.

In May, 1891, another heavy rain fell (2.62 inches), and the drain pipe which was then open carried off the water, without it reaching by six or eight yards the cellar entrance of plaintiff's building.

It seems that this locality did not have rain again until the night of August —, 1893 (2 inches), and in the morning plaintiff discovered that his cellar was flooded and his goods damaged. On this occasion the pipe was stopped up, having become so by droppings from the street.

There was no evidence of actual notice to the city of this defect in the pipe. Plaintiff testified, that he had noticed this condition of the pipe for probably three or four months before, and that he gave no notice of it.

The court rendered judgment in favor of the city.

The court found that plaintiff knew the drain was closed, and also found, that at the time of putting in the drain, Vidaurri avenue (under which the drain ran) was twenty-two inches above the general level of block 289, and about the same elevation above the bottom of the drain pipe; that the elevation of Hidalgo street was considerably higher than Vidaurri avenue, and that the elevation of plaintiff's lot on block 289, and the elevation of the cellar, was somewhat higher than the ground level of block 289, but from eight to twelve inches below the lowest point on Vidaurri avenue.

Appellant's first and fourth assignments state that these findings are not in accordance with the testimony, but we find that there is testimony to sustain them.

The second assignment is as follows: "The court erred in concluding from the facts found, that defendant is not liable and plaintiff can not recover, and that defendant have judgment for costs."

Under this the first proposition is, that the fact that a city lot is below the grade of a street does not preclude its owner from recovering

compensation from the city for injuries to property on such lot result-
ing from a failure of the city to keep a storm water drain pipe open,
if such pipe when open would have prevented the injury.    There can
be no doubt as to the correctness of this proposition.    But we appre-
hend that the judgment was not given simply because plaintiff moved
on or resided on a lot of lower grade than the street.

We are led to believe from the findings of fact that the court based
its judgment on other facts tending to show contributory negligence
on the part of plaintiff, namely, that plaintiff had reason to know
that the block including the place upon which his house stood was
liable to be covered by storm water, in the event the pipe became
closed, and that for several months before this damage he knew the
pipe was stopped up, and neither notified the municipal authorities
nor did anything himself in regard to it.

The authorities cited by appellant are not in point upon the facts
here.    There was no negligence in the construction of the drain pipe,
as was the issue in some of the cases cited, and in the other cases the
fact did not appear that the owner knew of the defect and danger, and
failed to give it attention.

It should be observed that the court did not find that the city had
no constructive notice of the defect.    It made no finding at all on that
question, although it was involved in the evidence.    If it had so found,
it is clear that the city would be exonerated, without reference to neg-
ligence on the part of plaintiff.    There may be sufficient evidence to
justify us in finding that fact, but we need not undertake to do so.
Contributory negligence of the lot owner constitutes a defense in this
as in other cases based on negligence.    The rule is thus stated by Mr.
Dillon:    "It is essential to liability that the plaintiff should have been
using reasonable or ordinary care to avoid the accident; or in other
words, he must be free of any such fault or neglect on his part as will
in actions of negligence defeat recovery."    Dill. Mun. Corp., sec. 1020.
Certainly as great an obligation rested on plaintiff to take reasonable
precaution to avoid damage where he had notice of the danger, as on
the city to exercise proper care in discovering and remedying the defect.

The facts in this case would clearly justify the finding of negligence
on his part as contributing proximately to his injury, and therefore
the judgment is affirmed.

*Affirmed.*

Delivered December 5, 1894.

ON MOTION FOR REHEARING.

JAMES, CHIEF JUSTICE.—We see no reason to change our views
concerning the testimony.    Our remark, that the trial court did not
find that the city had no constructive notice of the defect, had in view
the rule, that notice to the city may be implied from the length of time
the defect may have existed.    This would be controlled by the attend-

ing circumstances, as for example the position of the defective object. If it were in an exposed place in the main part of a city, a shorter time would justify that conclusion than if in a remote and unfrequented locality    The record leaves the impression on our mind that the latter was the case here.    Appellant argues that we should, from the time the defect was shown to have existed, find as a matter of law that the city knew of the defect.    This form of notice is a question of fact, and we are not able to say from what is before us that the conditions were such as to make proper such finding.

The appellant argues, that the court has erred in taking into consideration plaintiff's negligence.

The District Court concluded, that plaintiff knew that the drain pipe was closed, and substantially that the city did not.

The evidence will reasonably support these findings.    Authorities are cited in the motion for rehearing in support of the proposition that, although a different rule might apply in the case of defective highways, a plaintiff may recover in a case of negligence on the part of a municipality to perform a duty in reference to sewers and drains, irrespective of the knowledge or omission of plaintiff.    We do not recognize any difference in principle between the cases.    Appellant quotes from the case of Spangler v. San Francisco:   "The plaintiff had the right to assume that the agents of the city would attend to duty and repair the broken and dilapidated sewer.    He had a right to act on this assumption.    Certainly there was no duty on him to remove the obstruction from the sewer and repair it himself, nor would he be chargeable with negligence if he did not do so."    23 Pac. Rep., 1093.    This quotation, taken by itself, would establish everything that appellant claims for it; but taken in connection with the rest of the opinion, and the very paragraph in which it occurs, it means nothing to this case.    It there appears that the city had long had notice of the defects from which the injuries resulted, and failed to make the needed repairs, and these were such that the plaintiff could not reasonably be expected to remedy.    The court saw fit to mention the fact that to do so would have cost a considerable sum of money—may be more than the plaintiff's property was worth.    The cases are not alike, nor the opinions necessarily in conflict.

The pipe having been properly constructed, of adequate capacity, it became the duty of the city to exercise due diligence to keep it in repair and free from obstructions.    The obligation would not be to absolutely insure these conditions, unless a statute so declared.    The authorities generally hold that negligence is not attributable to the city, unless it has had notice of the trouble and has failed to act.    This rule applies to obstructions in sewers and drains, as well as to highways.    McCarthy v. City of Syracuse, 46 N. Y., 194; Kiesel v. Ogden City, 30 Pac. Rep., 759; Tate v. City of St. Paul, 58 N. W. Rep., 158; Kiernan v. Jersey City, 13 Atl. Rep., 170; Fort Wayne v. Coombs, 5 West. Rep., 229.    It does not appear that the city had knowledge of

the obstruction, while on the other hand it does appear that plaintiff knew of it and was aware of the danger its existence was to his property, and under these circumstances omitted both to notify the authorities and to take any steps to avoid injury.

The evidence shows, that when the pipe was stopped up on a previous occasion, plaintiff, with another person, readily opened it, and it appears that the obstruction in question could have been remedied by slight diligence or effort on the part of plaintiff.

It is our opinion, that under the facts of this case the judgment was correct.

The motion is overruled.

*Overruled.*

Delivered January 16, 1895.