OLIN GOTCHER ET UX V. CITY OF FARMERSVILLE.

No. 7760. Decided May 7, 1941.
Rehearing overruled June 4, 1941.
(151 S. W., 2d Series, 565.)

*Kennemer & Armstrong*, of Dallas and *Wallace Hughston*, of McKinney, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold, as a matter of law, that the city was not answerable to plaintiffs for damages occasioned by the drowning of their minor son, because said cesspool owned and operated by the city consti-

tuted a public nuisance in as much as it was maintained at a place frequented by various individuals, was an open contraption without barricades or warning signs of any kind. 6 McQuillan Mun. Corp., sec. 2871; City of Wylie v. Stone, 16 S. W. (2d) 862; Guitar Trust Estate v. Keith, 45 S. W. (2d) 190.

*Touchstone, Wight, Gormley & Touchstone,* of Dallas, for defendants in error.

The sewerage disposal plant herein involved was maintained and operated as a compliment of a sanitary sewer system of the city, which it was compelled to maintain in order to protect public health, therefore the city cannot be held liable for the tortious acts or ormissions of its employees. See cases cited in the opinion.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This suit was brought for damages for injuries resulting in the death of a minor child, age seven years, who lost his life by being drowned in a sanitary cesspool maintained by the City of Farmersville for use and benefit of its inhabitants. The trial court sustained a general demurrer to plaintiff's petition and dismissed the suit. The Court of Civil Appeals affirmed the judgment of the trial court. 139 S. W. (2d) 361.

The Court of Civil Appeals made the following correct statement of the essential allegations contained in plaintiffs' petition:

"It is alleged that the cesspool was an open structure, approximately 20 feet wide, 40 feet long, 9 or 10 feet deep, and divided into four or five compartments. The outside walls extended above the surface of the ground 6 or 8 inches, and no fence, or other safeguard or protection, was maintained around the pool. The compartments were filled with some character of acid used in the decomposition of sewerage, and of such consistency as to destroy such elements or objects as may come in contact with it. The process of decomposition caused a collection of sediment on the top of the acid and liquid, which, after a time, dried, cracked, and presented the appearance of a solid mass. Mrs. Gotcher, accompanied by three of her children, and other parties, went onto the premises * * * in the vicinity of the cesspool to gather persimmons, and, as they approached the pool (Mrs. Gotcher not knowing that the cesspool was located in the vicinity), Richard Neil, one of plaintiffs' minor children, about seven years of age, turned from

the path they were traveling, made a dash for the cesspool, jumped into it, and was drowned. It is alleged that defendant knew, or should have known, that children customarily played in the vicinity of the cesspool; thus there was extended an implied invitation for the mother to enter upon the premises, and the deceased to play in the vicinity of the pool; and that, because of its location, construction, and the sediment having the general appearance of a baby pool or sand pile usually employed for the amusement of children of tender years, there was created a public and attractive nuisance which was especially attractive to plaintiffs' child."

1 The Court of Civil Appeals was correct in holding that the defendant in error, the City of Farmersville, was engaged in a governmental function in the maintenance of its sanitary sewer system, including the cesspool in which the child was drowned, and that by reason thereof the City was not liable for any negligence of its employees in its operation. This Court so held in City of Wichita Falls v. Robison, 121 Texas 133, 46 S. W. (2d) 965. The same doctrine was announced in the case of City of Dallas v. Smith, 130 Texas 225, 107 S. W. (2d) 872. Plaintiffs in error to rely on the case of City of Amarillo v. Ware, 120 Texas 456, 40 S. W. (2d) 57. An analysis of that case will disclose that the damages there complained of were caused by the improper construction of a storm sewer, and not a sanitary sewer. Moreover, there was a taking or damaging of private property for public use,—for which the City would be liable on other grounds. State v. Hale, 136 Texas 29, 146 S. W. (2d) 731. That case is, therefore, not in point.

2 Plaintiffs' second contention is that the cesspool constituted a nuisance, and that by reason thereof the City is liable for damages caused by the maintenance thereof. There are authorities which hold that a municipality is liable for damages caused by maintenance of a nuisance, even though the municipality in maintaining the same is engaged in the exercise of a govermental function. 43 C. J., 956; 30 Tex. Jur., 537. However, in order to create liability for the maintenance of a nuisance, the nuisance must in some way constitute an unlawful invasion of the rights of others. 46 C. J., p. 653, sec. 18. For example, in the case of City of Fort Worth v. Crawford, 74 Texas 404, 12 S. W. 52, 15 Am. St. Rep. 840, a municipality operated a dump yard in such manner as to cause noxious and offensive odors to invade the premises of an adjoining landowner and injure his health. No such facts are here alleged as are neces-

sary to bring the cesspool in question within the class of the nuisance there referred to. But plaintiffs contend that the cesspool in question was so situated and maintained as to constitute an attractive nuisance, and thereby endanger the lives of chilen. Liability under the attractive nuisance doctrine is based on the theory that the dangerous thing was so situated and maintained as to attract children from the street, or from some public place where they may be expected to be, thus raising a presumption that the parties so maintaining the nuisance should have foreseen and anticipated the injury. 45 C. J., 767; 30 Tex. Jur., 889. In order to invoke the doctrine it is necessary that the thing or condition alleged to have constituted the attractive nuisance should have been so situated as to entice the child onto the premises, and it is not sufficient that it attracted him after he had already become a trespasser. It is said: "Accordingly, the doctrine is not applicable to a thing or condition which is not visible or discoverable from outside of the premises on which it is situated." 45 C. J., p. 767, sec. 165. The petition in this case alleged in broad terms that the general surroundings in the vicinity of the cesspool were attractive to children, in that there were numerous trees and a small ravine or creek near same, and that it was customary for children to play in the vicinity, and that children were attracted thereto by reason of the surrounding conditions. However, other and more specific allegations show that the injured child was not attracted to the vicinity by the cesspool, but was taken by its mother upon the premises near where it was maintained by the City, apparently in the woods, for the purpose of gathering persimmons, and that while passing through the woods, looking for the persimmons (the mother not knowing that the cesspool was in the vicinity where the persimmon trees were), the child discovered the cesspool, turned from the path which he had been traveling, ran to the cesspool, and jumped into it. It appears, therefrom, that the child was not upon the premises because of any attraction or allurement of the cesspool; and consequently the attractive nuisance doctrine passes out of the case. Mendoza v. Texas & Pacific Ry. Co., 70 S. W. (2d) 261, 263; United Zinz & Chemical Co. v. Britt, 258 U. S. 268, 36 A. L. R. 28, 66 L. Ed., 615, 42 Sup. Ct. 299. It appears that the unfortunate event was an unavoidable accident, for which no one is liable.

The judgments of the trial court and of the Court of Civil Appeals are therefore affirmed.

Opinion delivered May 7, 1941.

Rehearing overruled June 4, 1941.