**L. D. COX, Individually and as Next Friend for Dennis Cox, a Minor, Appellants,**

v.

**Earl INCE, Jr., and Clendon Kerr, d/b/a Ince Oil Company et al., Appellees.**

No. 6395.

Court of Civil Appeals of Texas.

Amarillo.

May 3, 1954.

Rehearing Denied June 11, 1954.

W. Hugh Harrell and Sam H. Allred, Lubbock, for appellants.

Crenshaw, Dupree & Milam, Lubbock, for appellees.

NORTHCUTT, Justice.

This is an action for $67,002.50 damages. Dennis Cox was a minor about twenty months of age. On or about February 6, 1953, said minor was burned. L. D. Cox is the father of said minor and sought damages for himself and also for said minor. Appellants allege that on the morning of February 6, 1953, one Billy Hoffman, while engaged in the course of his employment and for the furtherance of the business and interest of said Ince Oil Company, did place trash and other combustible materials upon the ground and did light said trash and cause the same to burn and at the time the trash was burning, blazing, and smoking the smoke and fire therefrom did attract Dennis Cox from his yard to the fire and his right pants leg caught fire and he sustained severe and painful burns and injuries. Defendants answered pleading that Billy Hoffman did place some used paper towels in a pasteboard box and ignite said paper and that Billy Hoffman, on the occasion, stood by and watched said fire until the contents of said box and the

box itself had been completely consumed so that there was nothing left but a few glowing embers and that the fire had completely died down; that on said occasion Dennis Cox was not on the premises and at no time had any of the defendants any notice that said minor would come upon said premises; that Billy Hoffman left the scene of said fire when the contents of said box had been fully consumed, at a time when there appeared to be no danger whatever of any spreading of the fire, when the fire had completely died out except for said glowing embers; that defendants had no reason to believe that the parents of said minor child would permit a child of twenty months to roam about appellees' premises unattended and uncared for and denied that any condition or property on their said premises was unusually attractive to children of the tender years of the minor plaintiff.

The case was tried to a jury upon special issues. The jury found that Billy Hoffman reasonably should have foreseen and anticipated the presence of Dennis Cox or a child of similar age upon the premises in question; that Billy Hoffman was negligent in the manner in which the trash was burned at the time and place in question and that such negligence was a proximate cause of the child's injuries. The jury found the child was not entitled to compensation for the injuries. The jury found that $512.50 would fairly and reasonably compensate the plaintiff, L. D. Cox, for damages proximately caused by the occurrence in question. The jury also found that the plaintiff's wife, Joyce Cox, permitted the minor child, Dennis Cox, to play about the defendants' premises just prior to the accident without proper supervision or care for the safety of said child; that such act or omission of Joyce Cox in permitting said child to play about said defendants' premises without proper supervision and care for his safety was negligence and that such negligence was a proximate cause of the injury to Dennis Cox and then found such negligence was not the sole proximate cause of the injury to Dennis Cox. The jury found the acci-

dent was not an unavoidable accident. The defendants made a motion for a judgment and the court granted the same and entered judgment that the plaintiff, L. D. Cox, individually and as next friend of Dennis Cox, a minor, take nothing by his suit and that defendants and each of them go hence with their costs without day. Plaintiff made and presented his motion for a new trial but the same was overruled and from this said plaintiff has perfected this appeal.

Appellant presents his appeal upon eleven assignments of error. It is noticed that the appellees did plead that the child, Dennis Cox, came upon the premises at a time when none of the defendants were present at the rear of the premises where said fire had been kindled and in some manner completely unknown to the defendants caused his right pants leg to become ignited and received the burns on his right leg as a result thereof. It is also true that Mr. Hoffman testified that as a matter of fact he knew that Dennis Cox came upon the premises and was burned by a fire out there. The undisputed testimony does not substantiate that he knew how the child was injured. He testified he had never seen the child out there and that he had learned later that afternoon about the child being burned. There is not any testimony that the child was ever seen on the premises where the fire was and neither is there any testimony as to how the child got burned, except the statements of the defendants and the undisputed record is that they do not know. This admission of appellees is not such admission as can be accepted as a fact because all that this record shows is that there was a small child on defendants' premises and that the child was burned. The defendants are accused of maintaining an attractive nuisance causing the injury of the child. No one ever actually placed the child at the place of the fire. We are of the opinion, however, that if this were a material issue that the appellee would be bound by his admissions. There seems to be no necessity of determining whether there were any errors committed as complained of by appellants' eleven assignments

of error since we are of the opinion they would be harmless under the state of this record. The undisputed evidence in this case shows that after Mr. Hoffman burned the paper he stayed there until the fire had burned down and he checked later and it had all "burned up". The Supreme Court in the case of Gotcher v. City of Farmersville, 137 Tex. 12, 151 S.W.2d 565 at page 566, in discussing the attractive nuisance doctrine held:

"Liability under the attractive nuisance doctrine is based on the theory that the dangerous thing was so situated and maintained as to attract children from the street, or from some public place where they may be expected to be, thus raising a presumption that the parties so maintaining the nuisance should have foreseen and anticipated the injury. 45 C.J. 767; 30 Tex.Jur. 889. 'In order to invoke the doctrine it is necessary that the thing or condition alleged to have constituted the attractive nuisance should have been so situated as to entice the child onto the premises, and it is not sufficient that it attracted him after he had already become a trespasser."

In the case of Schroeder v. Texas & Pacific Ry. Co., Tex.Civ.App., 243 S.W.2d 261 at page 264, it is stated:

"Moreover, even assuming a situation having the aspect of an attractive nuisance, the asserted dangers incident thereto were open and obvious. There were no allegations of latent or concealed dangers such as to bring the case at hand within the doctrine of attractive nuisance. 'An examination of many adjudicated cases decided by the courts of this and other states wherein it has been held that the attractive nuisance doctrine was applicable reveals the fact that, in connection with the maintenance of the condition, appliance, or instrumentality claimed to be especially attractive and inviting to children, there was involved a concealed, hidden, or *latent danger, and not merely one of an obvious or patent*

*character.'* Stimpson v. Bartex Pipe Line Co., 120 Tex. 232, 36 S.W.2d 473, 476 (Emphasis ours). See also Banker v. McLaughlin, 146 Tex. 434, 208 S.W. 2d 843, 8 A.L.R.2d 1231."

There is nothing in this record to raise the presumption that the appellees should have foreseen and anticipated the injury.

The judgment of the trial court is affirmed.