Roy A. GREGORY et ux., Appellants,

v.

CITY OF GARLAND, Texas, Appellee.

No. 15525.

Court of Civil Appeals of Texas.

Dallas.

Dec. 18, 1959.

Rehearing Denied March 11, 1960.

Mullinax, Wells, Morris & Mauzy, Dallas, for appellants.

Wyatt W. Lipscomb, Garland, for appellee.

YOUNG, Justice.

Our opinion of October 2, 1959, is this day withdrawn and the following substituted in its stead:

The suit of appellants against this municipality was for damages allegedly resulting from a negligent maintenance of

its sewer system in that sewage from the city line located at rear of their premises was permitted to "back-up" and overflow into said home. On answers of the jury to special issues, the trial court rendered a defendant's judgment from which this appeal is taken.

Material allegations of plaintiffs and the city's defenses thereto are reflected in jury issues and answer; summarized as follows: (1) that on or about April 26, 1957, defendant's sanitary sewer in the rear of plaintiffs' residence became clogged so as to impede the flow of sewage through it; (2) defendant did not fail at the time and on the occasion in question to maintain the sanitary sewer to which plaintiffs' sewer was attached so that sewage would pass through same; (5) that on said occasion defendant city after notice failed to timely remove an obstruction in its sanitary sewer at the rear of plaintiffs' residence; (6) that such failure to timely remove the obstruction was not negligence; (8) reasonable cost of repairs to the floors of plaintiffs' home as the result of such sewage overflow was fixed at $1,000; (11) plaintiffs did not fail to notify the City of Garland of said sewage disorder at their home on April 26, 1957; (14) on said date, the City of Garland was struck by a violent and heavy rain storm over which it had no control; (15) but that such violent and heavy rain storm was not the sole proximate cause of plaintiffs' damages; (16) plaintiff Roy A. Gregory did not enter into an oral contract with defendant city to accept the sum of $375 in full payment of all damages caused by said flow of sewage into his home.

Points of Appeal: The trial court's error (1) "in entering judgment for defendant upon the jury answers to issues and in overruling plaintiffs' motion for judgment. (2) * * * no competent evidence to support the jury's answer to Special Issue No. 6, to the effect that defendant's failure to timely remove the obstruction in its sewer line after notice to it of such obstruction was not negligence. (3) * * *

answer of the jury to Special Issue No. 6 was against the great weight and preponderance of the evidence so as to be clearly wrong."

Above points and answering counterpoints require a rather extensive resume of relevant testimony. The Gregory home was purchased new in December 1955, being located at dead end of Loma Drive, in city limits of Garland. Mrs. Gregory testified in substance that about six o'clock on morning of April 26, 1957, sewage began backing up in commode and bathtub, she, having no telephone, going to the Austin's next door, calling defendant's sanitary department; that the police answered, stating they were taking all emergency calls; that she reported her trouble, with answer that they (the police) would be right out; that later a police car came into her driveway, the driver not coming in but turning around and going away. Mrs. Gregory testified to making further attempts to reach defendant's sanitation department the same day, her calls each time intercepted by the police, they promising to get in touch with the proper department but with no results; that the Fire Marshal came out during afternoon, she explaining her plight to him, this officer then contacting someone at City Hall over his two-way radio. The neighbor, Mrs. Austin, corroborated Mrs. Gregory in the matters just related; calling the police department herself and receiving the same response; that on going over to the premises in question she found Mrs. Gregory engaged in dipping up the overflow of sewage and throwing out of bathroom window.

In the meanwhile, despite this plaintiff's efforts to check the back flow of sewage, it finally spread over all floors of the house, bedrooms, hallway, etc. Plaintiff, Roy A. Gregory, had left for work before inception of sewage overflow, coming home that night and observing the described conditions; the family (three children) spending that night with relatives. The next morning both plaintiffs went to City Hall; personally reporting the situation. Mrs.

Gregory here testified that thereupon a city equipped truck came out, arriving at the place before she could get home; the workmen stating that there was a block in sewer line at the rear alley, which obstruction was removed by use of equipment within some five minutes.

As answered by the jury, defendant city was being subjected to violent and heavy rain storms on the morning of April 26; Police Chief Ashley testifying in such connection that a tornado alert was also on; all police personnel under emergency operations; the men working 12 to 16 hours each, having evacuated residents of other sections on account of flood conditions, some streets flooding up north of Loma Drive; that there was a published telephone number for the City of Garland and one for the Police Department, calls to the City of Garland before 8 A.M. automatically going to Police Radio Dispatcher. If it concerned a sanitary sewer problem and an emergency, the Dispatcher had instructions to contact the sewer department immediately, otherwise it was to go to Customer Service Department. Chief Ashley was questioned on cross-examination as follows: "Q. Do you know whether or not the dispatcher on that morning relayed any calls concerning the sewer flooding the home of Roy Gregory at 310 Loma Drive in Garland, Texas, or the Sanitary Sewer or any other sewer Department, on the morning of the 26th of April, 1957? A. I don't know that. I know that there was a call that was given to a patrol squad to go by there."

Joe Hargus, in charge of Customer Service Department, testified that his duty was to take complaints for all departments, except police; that he received a normal amount of complaints from customers on April 26th, but none from plaintiffs; that his department was under no state of emergency that day and that his record showed receipt of a complaint from Mrs. Gregory on the 27th which was handled immediately. City Engineer Stacey testified to a proper construction of the sewer system at rear of plaintiffs' home; attributing any block in sewer to sticks, roots of trees, or to "someone uncovering the manhole and throwing in the object, as the equipment was not locked."

Sergeant Barry testifying for defendant, stated that he was on duty as police radio dispatcher on the morning of April 26, 1957, along with Officer McClintock; that the city was then undergoing a violent rain, thunder and wind storm with many consequent telephone calls on weather, flooded conditions and wind damage; among them some calls from Mrs. Gregory stating that "water was backing up in her home." Excerpts from the deposition of Mrs. Gregory were placed in evidence by defendant with respect to her alleged second call, viz.:

"A. And I called again and they said, well, when we get ready to evacuate, they would come and get us, and I told them we didn't want to evacuate, that we wanted somebody to stop the sewer from coming in and we was doing everything in our power to keep it from coming in. * * *

"Q. Did you ever try to contact * * * any plumber whatever? A. Nothing only the City Sanitation Department. We was told that was the one that we should contact.

"Q. Who told you that? A. At the time we called the Police Station, they told us they were the ones that took care of that.

"Q. Well, did you talk to the Sewer Department? A. No. They wouldn't connect me with them. Every time I would make a call, the Police Station would answer and said they was taking emergency calls and they was handling all of them. So they wouldn't even contact me with anybody that I could get to help."

■ In the motion for judgment appellant had asserted that under the jury

findings, a municipal liability on basis of trespass was established within meaning of Art. 1, § 17, State Constitution, Vernon's Ann.St., providing that no person's property shall be taken or damaged for public use without adequate compensation being made. This is the substance of their first point. We agree with appellee that plaintiffs have not pled nor did their evidence support any case of liability on such constitutional ground. Appellants' cause of action is grounded on appellee's alleged negligent acts and omissions relative to operation of its sewer line under the generally recognized rule discussed in 59 A.L.R.2d Annotations p. 281, that "it is the duty of a municipality to remove an obstruction in a drain or sewer line within a reasonable time after actual or constructive notice thereof, and its failure to do so renders it liable to one damaged thereby". See Parker v. Laredo, 9 Tex.Civ.App. 221, 28 S.W. 1048 in this connection.

■ Defendant city answered by general denial, contributory negligence of plaintiffs, etc.; not electing to plead non-liability perforce of operation of its sanitary sewer system as a governmental function rather than proprietory.[1]

■ Plaintiffs have pled that the overflow of sewage was a direct and proximate result of negligent acts and omissions by and on behalf of the City of Garland, its agents, servants and employees in the following particulars: (b) " * * * in failing after notice to timely remove the obstruction in the sewer so as to have prevented plaintiffs' damages"; Issue 5 in effect presenting the issue thus raised and answered by the jury in the affirmative. In point 2 they argue that the element of negligence was included in such findings; and that in view of same there was no competent evidence in support of Issue No. 6 that defendant's failure to timely remove the sewer obstruction was not negligence; also in brief suggesting an irreconcilable conflict in the two findings. In turn, appellee says that Issue 6 is supported by evidence over which reasonable minds could differ; and further that the trial court correctly entered a judgment for defendant "because the word 'timely' when used in a series of special issues cannot be construed to contain the element of negligence, when the following special issue, which is conditioned on the first issue, specifically raised the question and the jury finds no negligence."

It will be observed that Issues 5, 6 and 7 were component issues, conditionally submitted by appellants, and together comprehending the elements of negligence; i. e., an act or omission, negligence and proximate cause; and it would be improper to construe Issue 5 as a finding of negligence unless the word "timely" be defined by the trial court *in terms of negligence.* An analogous fact situation is reflected in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 989, where our Supreme Court approved the submission of "proper lookout" in two issues instead of the traditional three in connection with a definition of that term; the court going on to say that: "A different situation would be presented if the court

---

1. In City of Wichita Falls v. Robison, 121 Tex. 133, 46 S.W.2d 965, 966, our Supreme Court has held that: "It is well settled by the decisions of this court, as well as by those in other jurisdictions, that sanitation for the public health of a city is a governmental function, and that, when a city is exercising such power, it is not liable for injuries inflicted through the negligence of its officers and employees. Whitfield v. City of Paris, 84 Tex. 431, 19 S.W. 566, 15 L.R.A. 783, 31 Am.St.Rep. 69; White v. City of San Antonio, 94 Tex. 313, 60 S.W. 426; McQuillin on Municipal Corporations (2d Ed.). vol. 6, pp. 775, 776,. 784, 785 and 788." See also Ballard v. City of Ft. Worth, Tex.Civ.App., 62 S.W.2d 594; Gotcher v. City of Farmersville, 137 Tex. 12, 151 S.W.2d 565; Robinson v. City of Hereford, Tex.Civ.App., 324 S.W.2d 313. Controlling effect of above principle upon the instant fact situation is not before us, the matter not having been briefed.

had not defined 'proper lookout' in such a way that a finding of a failure to keep a proper lookout is necessarily negligence. Cases of that kind are Dedear v. James, Tex.Civ.App., 184 S.W.2d 319, writ refused, w. o. m., and Commercial Standard Ins. Co. v. Shudda, supra [Tex.Civ.App., 76 S.W.2d 561]. In such cases, we might be free to apply the recognized rule that 'courts properly refuse to strike down answers on the ground of conflict, if there is any reasonable basis upon which they may be reconciled.'" Here the word "timely" is not defined in terms of negligence; the three issue submission of the question being proper and Issues 5 and 6 obviously not in conflict.

A more serious question is presented in point 3 of no competent evidence to support of the jury's negative answer to appellants' Issue 6; the term negligence being defined in such connection as "the doing of that which a person of ordinary prudence would not have done under the same or similar circumstances, or the failure to do that which a person of ordinary prudence would have done under the same or similar circumstances. It is the failure to use ordinary care". Counsel for appellee frankly admits that Issue 5 could have been answered by the jury in no other way than in the affirmative, for concededly the sewer line obstruction was not removed until subsequent to the Gregory property damage, and that he so stated to the jury; arguing, however, that whether the city agents and employees exercised ordinary care under the existing conditions and circumstances remained as an issue for determination by the jury.

■ Negligence is generally a question of fact which must be submitted to the jury: "not only where there is sufficient testimony as to the actual facts to leave a reasonable doubt, but also where the inference which might be fairly drawn from the facts are not certain and invariable, and might lead to different conclusions in different minds." Watts v. Dallas Ry. &

Term. Co., Tex.Civ.App., 279 S.W.2d 400, 404. The testimony bearing upon the jury answer to Issue 6 centers upon acts and omissions of appellee's police personnel whose primary concern on the day in question was protection of people and property against threatened and actual flood conditions. In addition to the tornado alert there was evidence of an approximate 5 inch rainfall over the two days beginning early in the morning of April 26; a state of emergency thus resulting as hereinabove established by defense witnesses. Viewing their testimony, as we must, most favorably in support of the jury answer, Watts' Appeal, supra, we cannot say as a matter of law, that on the occasion in question appellee's agents and servants failed to do "that which a person of ordinary prudence would have done under the same or similar circumstances". Such was the jury disposition of the issue from the testimony as a whole; and with no indication so far as we can see, of any passion or prejudice.

All points of appeal are overruled and judgment of the trial court is affirmed.

On Appellant's Motion for Rehearing.

■ Invoking Rule 455, Texas Rules of Civil Procedure, appellants move for supplementary findings; outlining seriatim the matters upon which such conclusions, both of fact and of law, are desired. The request is denied, because: (1) same tends to conflict with conclusions already made in original opinion or relates to matters which are claimed to be reflected in undisputed testimony and available to appellants on any petition for writ of error without fact findings or conclusions by the appellate court, in this, a jury trial.

More particularly, request No. 5 calls upon this Court to decide "that the jury found that defendant City failed to remove an obstruction from its sewer line within a reasonable time after notice" when such an issue was not submitted to the jury. And as appellee points out, appellants now request us to define the word "timely" "when

the trial court was not requested to define the term, nor did the trial court deem it necessary; and for the further reason that the jury did not have the benefit of such a definition."

In points one and two of the motion appellants call attention to inaccuracies of opinion which it is our duty to correct: (1) that appellants did not request submission of issues five, six and seven as stated therein; and (2) a statement purporting to have been made in jury argument by counsel for appellee in connection with an affirmative answer to issue five is withdrawn as dehors the record. Such is of no consequence however as counsel for appellants admit in motion for rehearing that "there was no question in this case but that the obstruction was not removed until after the damage had occurred in plaintiffs' home. That was admitted, conceded and recognized by everyone."

■ Further argued is inapplicability of Little Rock Furniture Mfg. Co. v. Dunn, supra, as to the rule there discussed relative to "proper lookout"; in short, that the word "timely" in issue five can have no other significance than defendant's failure to remove the obstruction within a reasonable time after notice; constituting negligence and in irreconcilable conflict with issue six. But as appellee further points out, the jury is entitled to give a word not defined by the court any reasonable interpretation; and that the term "timely removed" could have been properly used by them as meaning in time to prevent damage, with no resulting conflict in the two issues.

■ Appellants argue with great force that the negative answer to issue six has not a scintilla of evidence in support; or at least that the jury verdict is against the great weight and preponderance thereof. Some difficulty has attended an appraisal of the record in this regard, having in view our duty as outlined in Re King's Estate, Supreme Court, 150 Tex. 662, 244 S.W.2d 660. Sufficient answer to appellants' argument of no evidence and insufficiency there-

of may be found in Appellee's Reply to Motion for Rehearing, viz.: "Appellee's contention is, and the jury so found, that the Police Department was not negligent in its failure to immediately relay the notice of plaintiffs' difficulties to the Sanitation Department because of its pressing obligations in an emergency situation. There is ample evidence in the record to show the existence of emergency conditions in the Police Department." In this connection see Le Master v. Fort Worth Transit Company, 138 Tex. 512, 160 S.W.2d 224 (Syl. 5) (emphasis ours) that "in trial before a jury, the decision of conflicts in the evidence is for the jury, *and even if evidence is not conflicting, if reasonable minds might differ as to the effect, a fact issue for the jury is presented.*"

The motion for rehearing is overruled.

On Appellants' Motion for Rehearing.

DIXON, Justice (concurring).

In addition to the reasons given by Justice YOUNG I think appellants' motion for rehearing should be overruled for reasons set out hereinafter.

Appellants' suit seeks damages from the City of Garland for the negligence of the city and its employees in the operation and maintenance of a sanitary sewer. That this is so is evident from the express allegations in appellants' petition. It is evident also from the face of the judgment from which this appeal is taken.

The charge of the court and the answers of the jury, as quoted in the judgment itself, include the following:

"Special Issue No. 5.

"Do you find from a preponderance of the evidence that at the time and on the occasion in question, the City of Garland after notice to them, failed to timely remove an obstruction in its sanitary sewer at the rear of plaintiffs' property?

"Answer 'Yes' or 'No' Answer: Yes.

"If you have answered 'yes' to the preceding special issue, you will answer the following special issues; otherwise, you need not answer same.

"Special Issue No. 6.

"Do you find from a preponderance of the evidence that such failure to timely remove an obstruction, if any you have found in answer to the preceding special issue, was negligence?

"Answer 'Yes' or 'No' Answer: No."

The operation of a sanitary sewer, unlike that of a storm sewer, is a governmental function. Dilley v. City of Houston, 148 Tex. 191, 222 S.W.2d 992; Gotcher v. City of Farmersville, 137 Tex. 12, 151 S.W.2d 565. Therefore a city is not liable for damages for the negligent operation of a sanitary sewer.

However the present case presents an unusual situation. The City of Garland apparently chose not to plead the city's immunity in the trial court, nor does it, raise the issue on this appeal by counterpoint or otherwise. So we are confronted with this question: Is this a suit in which it would be fundamental error to allow a recovery of damages by appellants regardless of the failure of the city to plead its immunity as a defense?

In my opinion the answer is yes. True, our Supreme Court has said that since our Rules of Procedure make no provisions for consideration of unassigned errors even when they are apparent on the face of the record, the concept of fundamental error is much narrower than it was under Art. 1837, Vernon's Ann.Civ.St., which has been repealed. But in the same opinion the court points out that the power to revise the judgment of a trial court for fundamental error still exists and need not be expressly conferred by statute or rule. W. J. McCauley v. Consolidated Underwriters, 157

Tex. 475, 304 S.W.2d 265. See also Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979.

I shall neither defend nor condemn the rule which exempts cities from liability for negligence in the performance of governmental functions. It has long been established as the law of the land, and I do not believe it can be waived by city officials as a defense when the city is made defendant in a damage suit. It is a matter of public interest which transcends the rights of the individuals involved. For that reason I think it is our duty to notice the fatal weakness in appellants' case, though it has not been assigned as error.