Bruce **STEELE** et ux., Ind. and as Next
Friends, etc., Appellants,

v.

**The CITY OF EL PASO, Appellee.**

No. 5851.

Court of Civil Appeals of Texas.

El Paso.

July 19, 1967.

Rehearing Denied Sept. 6, 1967.

Collins, Langford, Pine & Coldwell, Robert S. Pine, El Paso, for appellants.

Hardie, Grambling, Sims & Galatzan, Morris Galatzan, El Paso, for appellee.

OPINION

FRASER, Chief Justice.

The appellants brought this action to recover damages against appellee, City of El Paso, arising from their home having been flooded with sewage, effluent and sludge on various occasions during the period between December 1962 and 1964. Appellants further maintained that a lift station had been constructed by appellee in July of 1963, and that after such new lift station was put in operation, sewage back-flooded into and on their property. Therefore appellants are taking the position that they were damaged by sewage and effluent during the years 1962, 1963 and 1964.

Appellants appear to have originated their lawsuit largely on the theory of negligence, and then finally based it on the theory of nuisance. We will not discuss the

matter of negligence other than as it affects the matter of our consideration of the allegation of nuisance.

Appellants present one point of error in which they allege that the trial court erred in granting appellee's motion for directed verdict because the appellants proved sufficient facts to support a recovery under the nuisance theory, and that same should have been submitted to the jury as a matter of law.

■ With regard to the facts, it appears from the record that during the summer months of 1964, one Marion Ryan, an employee of the Public Service Board, had made several trips to the sewage lift pump as a result of calls and complaints from the appellants. He states that on some occasions he found the pumps working and on other occasions they were not. He further testified that on one or more occasions when the pumps were not working, other operators of the Public Service Board had been down in the pumping station doing their ordinary daily check and maintenance; and lastly, that although on various occasions he had found the pumps and equipment in proper working order, that some two or more hours later, after another call from the Steeles, he went down and found that the pumps were turned off, with the result that there was no force to lift the sewage up to the next gravity level and which resulted in a back-flow of sewage into the Steele apartment building. This would indicate that some of the employees of the Public Service Board had been guilty of negligent acts which probably caused the sewage back-flow. There were, of course, suppositions and speculations on the part of Mr. Steele as to what may have caused the sewage back-flow at his apartment. It is elementary in the State of Texas that the operation and maintenance of a sanitary sewage system by a City is a governmental function and that a City is not liable for the negligent operation thereof, or the negligence of an employee thereof. Dilley v. City of Houston, 148 Tex. 191, 222 S.W.2d 992; Gregory v. City of Garland, Tex.Civ.App., 333 S.W.2d 869 (ref., n.r.e.).

■ We believe that the appellee is correct in its position that the non-liability of the City for the negligent acts of its employees while engaged in a governmental function cannot be eliminated by merely pleading that such negligent acts constitute a nuisance. This position is, in our opinion, upheld and sustained in the following cases which state that the danger, in order to constitute a nuisance, must be inherent in the thing itself and be beyond that arising from negligence in its use. The record does not indicate inherent danger was adequately pleaded or proved. Walker v. City of Dallas, Tex.Civ.App., 278 S.W.2d 215 (n.w.h.); Parson v. Texas City, Tex. Civ.App., 259 S.W.2d 333 (wr.ref.). Further, it has been held that merely pleading that the alleged negligent acts constituted a nuisance is not sufficient, and again the courts reiterate that the danger must be inherent in the thing itself and the damage, if any, must result therefrom, rather than the negligent acts of the employees of a city engaged in a governmental function. Gonzalez v. City of El Paso, Tex.Civ. App., 316 S.W.2d 176 (n.w.h.); Parson v. Texas City (supra).

■ It must be noted from the pleadings of appellants that they pleaded that the acts of negligence caused sewage flooding, and further pleaded the theory of nuisance. Situations of this type are unfortunate; but, in our opinion, the law in its present state is clear that one cannot collect from a city due to the negligent acts of any of its employees during the pursuance of a governmental function.

Appellant's point is therefore overruled and the decision of the trial court is in all things affirmed.