

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 3, 1968



This Opinion
Affirms Opinion
# C-464

Hon. Burton G. Hackney,
Commissioner
State Department of Public Welfare
Reagan Building
Austin, Texas

Opinion No. M-274

Re: Whether an individual
who receives a public
assistance grant (AFDC)
may also be a paid
employee of Department
of Public Welfare, or
other state agency.

Dear Mr. Hackney:

We have received an opinion request from your office in regard to the above matter. We quote from your request as follows:

> "It has come to our attention that one of the employees of the State Department of Public Welfare is also a recipient of Aid to Families with Dependent Children. We shall appreciate your reviewing the facts and advising us as to whether or not there is any legal impediment or barrier to our paying assistance grants to employees of the State Department of Public Welfare who meet the eligibility requirements for a public assistance grant.

> "In this instance, this individual was receiving Aid to Families with Dependent Children in the amount of One Hundred Thirty-five ($135.00) Dollars when she was employed by the Department. Her needs and income were considered the same as for any other recipient of assistance and after considering all of her needs, her grant was lowered from One Hundred Thirty-five ($135.00) Dollars to Twenty-one ($21.00) Dollars. It would appear, therefore, that this individual who is

employed by the Department as a stenographer, is eligible for a Twenty-one ($21.00) Dollars grant unless there is some legal impediment or barrier which would preclude the Department from paying her a salary check as an employee and also an Aid to Families with Dependent Children grant.

"This matter has come up a number of times in the past and the Department as a policy, has said that individuals on the payroll of the State Department of Public Welfare could not continue to receive assistance grants; however, this has not been true in relation to people who are employed by and are on the payroll of other State Departments.

"For a number of years the Department of Public Welfare has always considered the potentials for employment of all recipients of Aid to Families with Dependent Children. Recipients, who could make arrangements for child care, have been encouraged in every way possible to obtain employment. Unless there is some legal barrier which would prevent it, it is highly desirable to employ individuals who are recipients of assistance if they are otherwise qualified and meet the minimum requirements for employment with this Department. We think it is within the intent and the spirit of the Law to utilize the services of persons who are eligible for assistance if they are qualified for employment. As their needs and their resources are considered on the same basis as other applicants or recipients, then it does not seem to be in the best interest of this Program for the Department to exclude these individuals from employment with the Department solely on the basis that they are recipients of assistance.

"Although our specific question at this time is in relation to the simultaneous payment of an assistance grant and a salary check to this individual who is an employee of this Department but who qualifies for Aid to Families with Dependent Children, we are also interested in the broad general

interpretation since the Department will
be required to employ recipients on a part-
time or a full-time basis beginning July 1,
1969.

"We also need your ruling or opinion as
to whether there is any legal impediment or
barrier to our paying assistance grants to
persons who are employed and on the State
payroll of some Department other than the
State Department of Public Welfare provided
that they meet all eligibility requirements
for assistance and the requirements for
employment."

It has been held in Attorney General Opinion No. C-464
(1965) that aid to families with dependent children is in
effect a grant to the needy children of such families and
authorized by Section 51-a of Article III, Vernon's Texas
Constitution; therefore, it was not an unconstitutional
grant of public monies to any individual as prohibited by
Section 51 of Article III of the Constitution of Texas.

We reaffirm that opinion and hold that the payment of
welfare aid to families of dependent children of an employee
of a state agency is not violative of Section 51 of Article
III of the Constitution of Texas for the reasons set forth
in Attorney General Opinion No. C-464 (1965). In accord,
Attorney General Opinion No. C-530 (1965).

Section 44 of Article III of the Constitution of Texas
authorizes the legislature to provide for the compensation of
all state employees and officers not provided for otherwise
in the constitution. Section 44 is quoted, in part, as
follows:

"The Legislature shall provide by law for
the compensation of all officers, servants, agents
and public contractors not provided for in this
constitution, but shall not grant extra compensation
to any officer, agent, servant, or public contractors
after such public service shall have been performed
or contract entered into, for the performance of
same; nor grant, by appropriation or otherwise, any
amount of money out of the Treasury of the State,
to any individual, on a claim, real or pretended,

> when the same shall not have been provided for
> by pre-existing law; ..."

Under the authority conferred by the above quoted section of the Constitution, the legislature has exclusive authority to determine the compensation of state employees, unless otherwise provided in the constitution. Attorney General Opinion No. 495 (1939).

This legislative authority is subject to the restriction that the legislature may not authorize a gratuity or donation of public funds to any individual for a private purpose. In Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d 738 (1928), the Court stated at page 740:

> ". . .
>
> "It is academic to say the Legislature has power to pass any law which its wisdom suggests that is not forbidden by some provisions of the Constitution (federal or state). If the pension provided for in this act is a gratuity or donation to the beneficiary, it is clearly forbidden by the fundamental law. On the other hand, if it is a part of the compensation of such employee for services rendered to the city, or if it be for a public purpose, then clearly it is a valid exercise of the legislative power . . ."

In accord, Friedman v. American Surety Co. of New York, 137 Tex. 138, 151 S.W.2d 570 (1941); State v. City of Austin, 160 Tex. 348, 331 S.W.2d 737 (1960); 47 Tex. Jur. 2d 229-230, Public Officers, Sec. 178, and authorities there cited.

It is our opinion that the aid to families with dependent children is a grant for a public purpose, not a private purpose, and therefore does not violate the restriction of Section 44 of Article III of the Constitution of Texas.

Pursuant to Section 44 of Article III, the Legislature has enacted a number of general statutes dealing with salaries. Articles 6813 through 6829a, V.C.S.

Article 6822 is quoted as follows:

"Any deputy, assistant clerk, or any
employee authorized by the laws of this state
to be appointed by the head of any department
of the State Government, shall, when his salary
is not fixed or provided for by law, receive such
salary as the Legislature shall from time to time
appropriate." (Emphasis added.)

The above quoted article seems clearly to cover the
employee involved in your fact situation. Such being the
case, the salary or compensation for such employee would be
determined by the last applicable appropriations act.

House Bill No. 5, Acts of 60th Legislature, First Called
Session (1968), which becomes effective on September 1, 1968,
will cover the Welfare Department's salary or compensation
expenditures until August 31, 1969. We have analyzed the
applicable provisions of this act and do not find a restriction
on the expenditure of compensation or salary funds which would
prevent an employee of the Welfare Department from receiving
a salary and also receiving money under aid to families with
dependent children.

Therefore, in light of the cited authorities, Attorney
General Opinion No. C-464, holding that aid to families with
dependent children is aid to the children even though paid
to one of the parents, and in view of the lack of any con-
stitutional or statutory restriction on the payment of salary
or compensation which would prevent a salaried state employee
from also receiving aid to families with dependent children,
it is our opinion that an employee of the Welfare Department
or other state agency may receive aid to families with de-
pendent children.

## SUMMARY

There is no legal impediment or barrier
preventing the Department of Public Welfare from
paying aid to families with dependent children
to an employee of the Department of Public Welfare,
or any other state agency, if such recipient meets
the eligibility requirements for such aid.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by JAMES C. McCOY
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Grace
Richard Chote
Joe Clayton
John Banks

A. J. Carubbi, Jr.
Executive Assistant