CITY OF TEXARKANA, Texas, Appellant,

v.

Stanley TAYLOR, Appellee.

CITY OF TEXARKANA, Texas, Appellant,

v.

SARKCO, INC., Appellee.

Nos. 8123, 8130.

Court of Civil Appeals of Texas, Texarkana.

Dec. 27, 1972.

Rehearing Denied Jan. 23, 1973.

Victor Hlavinka, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellant.

Donald Friedman, Harkness, Friedman & Kusin, Texarkana, for Stanley Taylor.

B. A. Britt, Jr., Texarkana, for Sarkco, Inc.

CHADICK, Chief Justice.

Although these two cases were separately tried and appeals herein are from separately timed and entered judgments, convenience and conservation of space can be had by discussing both together. In each case a jury found that the negligence of the City of Texarkana, Texas, in the operation of a segment of its sanitary sewer system proximately caused sewage backup damage to each of the appellees (Stanley Taylor's residence; Sarkco Inc.'s apartment house).

A municipality, such as the City of Texarkana, Texas, is immune to liability for negligence in the performance of governmental functions, except as may be otherwise provided by Vernon's Tex.Rev.Civ. Stat.Anno. art. 6252–19. White v. City of San Antonio, 94 Tex. 313, 60 S.W. 426 (1901); Gartman v. City of McAllen, 130 Tex. 237, 107 S.W.2d 879 (Tex.Comm'n. App.1937); City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872 (1937); Scroggins v. City of Harlingen, 131 Tex. 237, 112 S.W.2d 1035, 114 S.W.2d 853 (1938);

City of Austin v. Daniels, 160 Tex. 628, 335 S.W.2d 753 (1960); City of Fort Worth v. Wiggins, 5 S.W.2d 761 (Tex. Comm'n.App.1928); City of Fort Worth v. George, 108 S.W.2d 929 (Tex.Civ.App. Fort Worth 1937, writ ref'd); Steele v. City of ¡El Paso, 417 S.W.2d 923 (Tex. Civ.App. El Paso 1967, ref. n. r. e.); Voigt v. City of Corpus Christi, 419 S.W. 2d 445 (Tex.Civ.App. Corpus Christi, 1967, ref. n. r. e.); Pontarelli Trust v. City of McAllen, 465 S.W.2d 804 (Tex.Civ.App. Corpus Christi 1971, ref. n. r. e.). It is well settled also that the maintenance and operation of a sanitary sewer system by a city is a governmental function. Dilley v. City of Houston, 222 S.W.2d 992 (Tex.Sup. 1949); Gotcher v. City of Farmersville, 137 Tex. 12, 151 S.W.2d 565 (1941); Gregory v. City of Garland, Texas, 333 S.W. 2d 869 (Tex.Civ.App. Dallas 1959, no writ); Bowie v. City of Houston, 259 S. W.2d 765 (Tex.Civ.App. Galveston, 1933, ref. n. r. e., 152 Tex. 533, 261 S.W.2d 450 1953).); Steele v. City of El Paso, supra; and Pontarelli Trust v. City of McAllen, supra; 40 Tex.Jur.2d Municipal Corporations, Sec. 635. The judgments under consideration cannot stand unless they may be based upon grounds other than the City's negligent operation of the sanitary sewer system.

As an alternative to reversal and rendition, appellee Taylor suggests "that if this court should hold that the City of Texarkana, Texas, was acting solely in a governmental capacity, and as such is immune from liability proximately caused by the negligence of its agents and employees, then appellee would respectfully submit that his cause of action was tried upon an erroneous theory of law in that it should have been based upon trespass rather than negligence. The law is clear in this state that governmental immunity applicable to negligent action in connection with a governmental function is not applicable upon the theory of a nuisance as a result of a trespass." In the other case, private nuisance as a theory of recovery alternative

to negligence, was plead by appellee Sarkco, Inc., and issues thereon submitted to and answered by the jury. The jury established factually that the City was negligent in the maintenance and operation of the sewer system and that such negligent operation created a nuisance and caused Sarkco, Inc.'s damage.

▮ Ready concession that it is very difficult, perhaps impossible, to reconcile much that the courts have written on the law of private nuisance does little to aid in the solution of a particular case. The obscure and confused state of the law acknowledged by eminent scholars,* may however, furnish an opportunity and encourage, if the positive is to be accentuated, some independence and initiative in discarding doubtful precedent and finding common sense solutions. In the law of torts, private nuisance is a field of tort liability; it refers to the interest invaded, to the damage or harm inflicted; it does not refer to the particular type of act or omission that produces an invasion of another's interest. Prosser on Torts, Sec. 88 (3d Ed. 1964); Taylor v. City of Cincinnati, 143 Ohio St. 426, 55 N.E.2d 724 (1944); 155 A.L.R. 44; Rose v. Standard Oil Co. of New York, Inc., 56 R.I. 272, 185 A. 251 (1936).

▮ At issue here is the question of whether or not the City of Texarkana, Texas, is liable for damage to a sewer-connected user resulting from the nuisance created by the City while negligently operating its sanitary sewer system. It appears from the cases previously cited that Texas courts are committed to a legal doctrine that a municipality in Texas is immune

from liability for negligence in the performance of a governmental function and that operation of a sanitary sewer system is performance of a governmental function. When it is considered that private nuisance is merely a term characterizing the damage done, it is apparent that the judgments here under review were of necessity rendered on the theory that damage was caused and inflicted by the negligence of the City. Nuisance is the term for the kind of damage inflicted; negligent causation is the gravamen of the actions brought by the appellees and the basis of liability. Fundamentally, the suits seek to compel the City to respond in damages for its negligence. The conclusion cannot be escaped that negligence, not some other fault, is the causative reason alleged and proved for the respective appellees' damage and the suits must be recognized for what they are, negligence actions, and treated as such. The City's governmental immunity to such actions shields it from liability. Both judgments are reversed. This result is consistent with Steele v. City of El Paso, supra; Walker v. City of Dallas, 273 S. W.2d 215 (Tex.Civ.App. Amarillo 1953, no writ); and Parson v. Texas City, 259 S. W.2d 333 (Tex.Civ.App. Fort Worth, 1953, writ ref'd).

▮ On the other hand, application of the governmental immunity rule as here made is not inconsistent with cases cited by the appellees as authority for the view that governmental immunity has no application in nuisance cases. The principal cases cited are: Fort Worth v. Crawford, 74 Tex. 404, 12 S.W. 52 (Tex.Sup.1889); Gotcher v. City of Farmersville, supra; City of Austin v. Schmedes, 154 Tex. 416, 279 S.

---

* "Much has been written on the subject of private nuisance that I consider to be misleading and inaccurate." Page Keaton, 26 Southwestern Law Journal 13. In writing Wales Trucking Co. v. Stallcup, 474 S.W.2d 184, Tex.Sup.1971, Justice (now Chief Justice) Greenhill was moved to quote a couple of Dean Prosser's observations. In the body of the opinion is this from Prosser, The Law of Torts (3d Ed. 1964) 592, "There

is no more impenetrable jungle in the entire law than that which surrounds the word 'nuisance.' It has meant all things to all men, and has been applied indiscriminately from an alarming advertisement to a cockroach baked in a pie." And in a footnote Greenhill quoted from Nuisance Without Fault, 20 Tex.Law Rev. 399 at 410 (1942), Prosser's statement that, "Nuisance unhappily, has been a sort of legal garbage can."

W.2d 326 (Tex.Sup.1955); and City of Austin v. Daniels, 322 S.W.2d 384 (Tex. Civ.App. Austin 1959, affirmed 160 Tex. 628, 335 S.W.2d 753, Tex.Sup.1960). With rare exceptions, private nuisance liability (actionable nuisance) will not arise unless the facts of the case bring it within one of the following three classifications to-wit:

1. Intentional invasion of another's interest;

2. Negligent invasion of another's interest;

3. Other conduct, culpable because abnormal and out of place in its surroundings, that invades another's interest.

See authorities listed at the end of the second paragraph next above. It is well established in Texas that a municipality is liable for the creation or maintenance of a nuisance, even though in the course of the performance of a governmental function, in *nonnegligent* situations. Fort Worth v. Crawford, supra; Gotcher v. City of Farmersville, supra. When distinction is made between negligent invasions and other liability producing invasions, the cases tend to harmonize. So far as the distinction that leads to this result is concerned, the language of Prosser in another context suggests that reform is worth pondering:

> "There is little that can be said about such distinctions except that they exist; that they are highly artificial, and that they make no great amount of sense."

The governmental immunity doctrine as here applied is too firmly ingrained in the case law for this court's fiat to disestablish it. The distinction noted is merely a route by which the courts have retreated from municipal immunity.

Courts and others have from time to time suggested that the Legislature discard governmental immunity and the subject has been under consideration in the Legislature in recent years. That body has gone no further than enactment of Tex.Rev.Civ.

Stat.Anno. art. 6252–19. See Greenhill and Murto, III, Governmental Immunity, 49 Tex.Law Review 462 (1971). Under this record, no purpose would be served by remand of these cases; accordingly, in compliance with Rule 434, Texas Rules of Civil Procedure, it is ordered in each case that judgment be rendered that the appellee therein take nothing.