Opinion filed May 3, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00137-CV

                                                    __________

 

                                    CITY OF ABILENE, Appellant

 

                                                             V.

 

                                    VICTORIA CARTER, Appellee



 

                                  On
Appeal from the County Court at Law

 

                                                            Taylor
County, Texas

 

                                                      Trial
Court Cause No. 21276

 



 

M
E M O R A N D U M   O P I N I O N

            This is an interlocutory appeal from the
trial court’s denial, in part, of the City of Abilene’s plea to the
jurisdiction. Victoria Carter, appellee, brought tort claims as well as consti-tutional
claims against the City to recover for water damage done to her property.  She
also sued to recover payments she made for water bills incurred during the time
that water was leaking at her property.  The City filed a plea to the
jurisdiction.  The trial court granted the City’s plea as to appellee’s tort
claims, but denied it as to appellee’s constitutional claims.  The City asserts
that the trial court erred when it denied the plea to the jurisdiction because the
City was protected from suit by sovereign immunity.  We reverse and render
judgment for the City.

Background
Facts

            Appellee
sustained property damage due to a water leak that she contends was caused by
the City of Abilene’s failure to properly shut off her water.   Appellee met
with a City employee to inspect one of her properties for water leaks prior to
having the water turned on at that address.  The City employee found that there
was one leak inside one of appellee’s properties and represented to appellee
that, if the water was turned off at the meter, then there would be no leak
inside the property.  The City did not put a lock on the turnoff at the meter,
but it left the water turned off.

Appellee continued to receive bills from the City that showed water usage
at that address. She made several calls to the City to complain about the bills
and to request that the property be inspected again.  The City claimed that it
checked the turnoff, that there was no leak, and that someone must be using
water at the property.  Appellee  personally inspected the property and  saw
that new pipe had been installed at the location of the cutoff valve,
indicating that some work had been done there.  The City admitted that it had repaired
a leak in its plumbing at that location.   Appellee disputed the water bill at that
property and did not pay it.  When she did not pay the bill, the City shut off water
service to that property as well as all of her other properties. 

Standard
of Review

A plea to the jurisdiction challenges a court’s subject-matter
jurisdiction and is a question of law that is reviewed de novo.  Tex. Dep’t
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 227–28 (Tex. 2004).  To invoke the subject-matter
jurisdiction of a court, the one bringing the claim must allege facts that
affirmatively demonstrate that the court has jurisdiction to hear it.  Miranda,
133 S.W.3d at 226; Tex. Ass’n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  To prevail on a plea to the jurisdiction, a defendant must
show an incurable jurisdictional defect apparent from the face of the pleadings
that makes it impossible for the plaintiff’s petition to confer jurisdiction on
the district court.  Bybee v.
Fireman’s Fund Ins. Co., 331 S.W.2d
910, 914 (Tex. 1960).  Courts must consider evidence when necessary
to decide jurisdictional issues.  Miranda, 133 S.W.3d at 221; Tex.
Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001); Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 554–55 (Tex. 2000).  We do not
look to the merits of the plaintiff’s case in conducting our review, but
consider only the plaintiff’s pleadings and the evidence pertinent to the
jurisdictional inquiry.  Miranda, 133 S.W.3d at 225–26.  We presume all
well-pleaded facts to be true and construe the pleadings liberally in favor of
conferring jurisdiction.  Id. at 226–28.

Immunity

Sovereign immunity, unless waived, protects the State and its various
divisions from damage suits.  Wichita Falls State Hosp. v. Taylor, 106
S.W.3d 692, 694 (Tex. 2003); Gen. Servs. Comm’n v. Little-Tex Insulation Co.,
39 S.W.3d 591, 594 (Tex. 2001).  As opposed to the State and its various
divisions, the term “governmental immunity” is the appropriate term to apply to
immunity enjoyed by political subdivisions of the State, including counties,
cities, and school districts.  Wichita Falls State Hosp., 106 S.W.3d at
694 n.3.  

There are two facets to sovereign immunity and its counterpart,
governmental immunity:  immunity from suit and immunity from liability.  Id. 
Under the former, suit is barred unless the legislature has given consent to
sue.  Id.  Under the latter, protection is afforded from judgments even
though the legislature expressly has given consent to be sued.  Id.     

Appellee’s
Constitutional Claims

            Appellee
alleged constitutional claims against the City for exaction, inverse condem-nation,
and nuisance.  Those claims under the Texas constitution are not barred by
governmental immunity from suit.  See Tex.
Const. art. I, § 17.  A party may not, however, establish a prima facie case
for those claims by merely pleading negligent acts and labeling them as one of
those claims.  See, e.g., Callaway v. City of Odessa, 602
S.W.2d 330, 333 (Tex. Civ. App.—El Paso 1980, no writ); Steele v. City of El
Paso, 417 S.W.2d 923, 924 (Tex. Civ. App.—El Paso 1967, writ ref’d n.r.e.).

Exaction

            Appellee
stated in her pleadings that the City was “harming [her] property and
wrongfully exacting water bill payments from her” (emphasis added).  The
City takes the use of the word “exacting” to mean appellee is making a claim
for exaction.  We agree with the City that a claim for exaction does not fit
these circumstances.  Exactions are a “distinct category of regulatory takings [that
occur] when the government conditions the granting of permit approval . .
. on an exaction from the approval-seeking landowner.”  Town of Flower Mound
v. Stafford Estates Ltd. P’ship, 71 S.W.3d 18, 30 (Tex. App.—Fort Worth
2002) (citing Dolan v. City of Tigard, 512 U.S. 374, 377 (1994)), aff’d,
135 S.W.3d 620 (Tex. 2004).  In an exaction, “the
landowner is not simply denied or restricted in some desired use of his
property. Rather, in an exaction takings case,
some action—the exaction—is required of the
landowner as a condition to obtaining governmental approval.”  Id. 

            Appellee
argues that, although she used the verb “exacting” in her pleadings, she was
not making a claim for exaction.  The word was used in the “Facts” section of appellee’s
pleadings.   In the section where she lists her claims, the damages that she
claims to have suffered as a result of the city-imposed charges for water are
found in the paragraph regarding her inverse condemnation claim.  The pleadings
refer to the charges claimed in the water bills as an “illegal taking of property
for public use as well.”  In her brief, appellee urges that these damages are
“a taking under Jennings”; thus, we will consider them alternatively as
part of appellee’s inverse condemnation claim discussed below.  City of
Dallas v. Jennings, 142 S.W.3d 310, 314 (Tex. 2004).  Otherwise, if
the claim is one for unconstitutional exaction, the trial court erred when it
denied the City’s plea to the jurisdiction upon this ground because this is not
an exactions case.  We sustain the City’s third issue insofar as it pertains to
a constitutional exactions claim.

Inverse
Condemnation

            The
City argues that the trial court erred when it denied the City’s plea to the
jurisdiction as it related to the inverse condemnation claim because appellee
failed to allege a valid claim for inverse condemnation.  “Inverse condemnation occurs when (1) a property owner
seeks (2) com-pensation for (3) property taken for public use (4) without process
or a proper condemnation proceeding.”  City of Houston v. Norcini, 317
S.W.3d 287, 292 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting Villarreal
v. Harris Cnty., 226 S.W.3d 537, 541 (Tex. App.—Houston [1st Dist.] 2006,
no pet.)); see City of Abilene v. Burk Royalty Co., 470 S.W.2d 643, 646 (Tex. 1971).  To state a cause of
action for inverse condemnation under the Texas constitution, a plaintiff must
allege (1) an intentional governmental act; (2) that resulted in his property
being taken, damaged, or destroyed; (3) for public use.  Gen. Servs.
Comm’n, 39 S.W.3d at 598. 

            The City asserts that appellee failed to
allege facts that show an intentional act of the City.  If the government knows
that specific damage is substantially certain to result from its conduct, then
takings liability may arise even when the government did not particularly
desire the property to be damaged.  Jennings, 142 S.W.3d at 314.  Thus,
when a governmental entity physically damages private property in order to
confer a public benefit, that entity may be liable under Article I, section 17
if it (1) knows that a specific act is causing identifiable harm or (2) knows
that the specific property damage is substantially certain to result from an
authorized government action—that is, that the damage is “necessarily an
incident to, or necessarily a consequential result of” the government’s action.
 Tex. Highway Dep’t v. Weber, 219 S.W.2d 70, 71 (Tex. 1949); accord
Tarrant Reg’l Water Dist. v. Gragg, 151 S.W.3d 546, 555 (Tex. 2004). 

Appellee alleged that the City inspector
knew she had a leak inside her property; her pleadings state that an inspector
initially found only one leak, and it was inside appellee’s property at the
toilet cutoff.  Appellee also alleged that she told the City that she was still
being billed for water usage and that, at some point, the City replaced a pipe in
the alley on the outside of her property.  Her pleadings describe a leak, in
addition to the one inside her property, that the City admitted was “in their
plumbing.” 

However, appellee has not alleged that the
City took a specific action that it knew was substantially certain to result in
specific property damage to her property.  Appellee does not explain, in
relation to when her property was damaged, when the repair to the leak in the
alley was made or when her calls to the City were made.  Appellee did not live
at the property in question and did not discover the damage until after its
occurrence, and her pleadings did not state with any specificity when or how
the damage was alleged to have occurred.  Her claim that the City’s
representatives knowingly misrepresented facts about the existence of a leak or
about checking the property is, thus, unsupported by factual allegations. 

Taken as true, all that appellee’s
pleadings establish is that there was a leak at some point in the City’s plumbing
and that, at some point, the City repaired it. Appellee did not allege that the
City intentionally caused the leak.  At most, the City’s actions in discovering
and repairing the leak were negligent.  See Coyne v. Kaufman Cnty., 144
S.W.3d 129, 135 (Tex. App.—Eastland 2004, no pet.) (“An allegation that a person
or entity failed to undertake an act it should have taken constitutes an
allegation of negligent conduct.”).  Viewed in the light most favorable to appellee,
the pleadings fail to allege an intentional act of the City rising to the level
required to maintain a claim for inverse condemnation.  The trial court erred
when it denied the City’s plea to the jurisdiction as it pertained to the
inverse condemnation claim.  The City’s first issue on appeal is sustained.  If
the exaction claim is a takings claim as argued by appellee, then for the same
reasons (in addition to the ones earlier stated when we discussed a
constitutional exactions case), we sustain the City’s Issue No. 3.    




 

Nuisance

            The City contends that the trial court
erred when it denied the City’s plea to the jurisdiction in connection with appellee’s
nuisance claim because appellee failed to allege a valid claim of nuisance that
rises to the level of a constitutional taking.  Governmental liability for
nuisance arises from Article I, section 17 of the Texas Constitution.  Gotcher v. City
of Farmersville, 139 S.W.2d 361, 362–63 (Tex. Civ. App.—Dallas 1940),
aff'd, 151 S.W.2d 565 (Tex. 1941).  A
city may be held liable for a nuisance that rises to the level of a
constitutional taking.  Jennings, 142 S.W.3d at 316 (citing City of Abilene
v. Downs, 367 S.W.2d 153, 159 (Tex. 1963)).
 A “nuisance” is a condition that substantially interferes with the use and
enjoyment of land by causing unreasonable discomfort or annoyance to persons of
ordinary sensibilities.  Holubec v. Brandenberger, 111 S.W.3d 32, 37
(Tex. 2003).  For an act of a governmental entity to qualify as a nuisance
without being defeated by the doctrine of governmental immunity, the condition
created by the entity must in some way constitute an unlawful invasion of
property or the rights of others beyond that arising merely from its negligent
or improper use.  Shade v. City of
Dallas, 819 S.W.2d 578, 581–82 (Tex. App.—Dallas 1991, no writ)  (reversing summary judgment for the city on the
plaintiff’s nuisance claim because the city failed to prove that its act was
negligent and, therefore, shielded by sovereign immunity).  Nonnegligent or
intentional nuisance is actionable, and the City is not immune under the Texas
Tort Claims Act, Tex. Civ. Prac. &
Rem. Code Ann. ch. 101 (West 2011 & Supp. 2011).  See Bible Baptist
Church v. City of Cleburne, 848 S.W.2d 826 (Tex. App.—Waco 1993, writ denied).

            Here, appellee has not shown or
otherwise pleaded that the City created or maintained a nuisance in the course
of nonnegligent performance of governmental functions.  As discussed above, appellee
did not allege an intentional act and has at most alleged that the City acted
negligently.  Furthermore, appellee did not allege that the line itself was
inherently subject to frequent breaks or that the City kept the water system
running in bad repair.  Rather, appellee alleged only that the City continued
the “intentional running of the water system for the public use when they knew
it was harming Plaintiff’s property.”  The water system itself was not a
nuisance.  It did not create the condition that caused discomfort and annoyance
to appellee.  This was done by the leak in appellee’s toilet cutoff pipe.  Viewed
in the light most favorable to appellee, the pleadings fail to establish a
claim for nuisance that rises to the level of a constitutional taking.  The
trial court erred when it denied the City’s plea to the jurisdiction as it
related to appellee’s constitutional nuisance claims.  We sustain the City’s
second issue on appeal.

            The
judgment of the trial court is reversed, and judgment is rendered that appellee
take nothing by her claims.

 

                                                                                    PER
CURIAM

 

May 3, 2012

Panel consists of: Wright,
C.J.,

McCall, J., and Kalenak, J.