**Opinion filed May 3, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00137-CV

_____

### CITY OF ABILENE, Appellant

### V.

### VICTORIA CARTER, Appellee

**On Appeal from the County Court at Law**

**Taylor County, Texas**

**Trial Court Cause No. 21276**

### M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from the trial court's denial, in part, of the City of Abilene's plea to the jurisdiction. Victoria Carter, appellee, brought tort claims as well as constitutional claims against the City to recover for water damage done to her property. She also sued to recover payments she made for water bills incurred during the time that water was leaking at her property. The City filed a plea to the jurisdiction. The trial court granted the City's plea as to appellee's tort claims, but denied it as to appellee's constitutional claims. The City asserts that the trial court erred when it denied the plea to the jurisdiction because the City was protected from suit by sovereign immunity. We reverse and render judgment for the City.

*Background Facts*

Appellee sustained property damage due to a water leak that she contends was caused by the City of Abilene's failure to properly shut off her water. Appellee met with a City employee to inspect one of her properties for water leaks prior to having the water turned on at that address. The City employee found that there was one leak inside one of appellee's properties and represented to appellee that, if the water was turned off at the meter, then there would be no leak inside the property. The City did not put a lock on the turnoff at the meter, but it left the water turned off.

Appellee continued to receive bills from the City that showed water usage at that address. She made several calls to the City to complain about the bills and to request that the property be inspected again. The City claimed that it checked the turnoff, that there was no leak, and that someone must be using water at the property. Appellee personally inspected the property and saw that new pipe had been installed at the location of the cutoff valve, indicating that some work had been done there. The City admitted that it had repaired a leak in its plumbing at that location. Appellee disputed the water bill at that property and did not pay it. When she did not pay the bill, the City shut off water service to that property as well as all of her other properties.

*Standard of Review*

A plea to the jurisdiction challenges a court's subject-matter jurisdiction and is a question of law that is reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004). To invoke the subject-matter jurisdiction of a court, the one bringing the claim must allege facts that affirmatively demonstrate that the court has jurisdiction to hear it. *Miranda*, 133 S.W.3d at 226; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). To prevail on a plea to the jurisdiction, a defendant must show an incurable jurisdictional defect apparent from the face of the pleadings that makes it impossible for the plaintiff's petition to confer jurisdiction on the district court. *Bybee v. Fireman's Fund Ins. Co.*, 331 S.W.2d 910, 914 (Tex. 1960). Courts must consider evidence when necessary to decide jurisdictional issues. *Miranda*, 133 S.W.3d at 221; *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex. 2000). We do not look to the merits of the plaintiff's case in conducting our review, but consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry.

*Miranda*, 133 S.W.3d at 225–26.  We presume all well-pleaded facts to be true and construe the pleadings liberally in favor of conferring jurisdiction.  *Id*. at 226–28.

*Immunity*

Sovereign immunity, unless waived, protects the State and its various divisions from damage suits.  *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 (Tex. 2003); *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001).  As opposed to the State and its various divisions, the term "governmental immunity" is the appropriate term to apply to immunity enjoyed by political subdivisions of the State, including counties, cities, and school districts.  *Wichita Falls State Hosp.*, 106 S.W.3d at 694 n.3.

There are two facets to sovereign immunity and its counterpart, governmental immunity: immunity from suit and immunity from liability.  *Id.*  Under the former, suit is barred unless the legislature has given consent to sue.  *Id.*  Under the latter, protection is afforded from judgments even though the legislature expressly has given consent to be sued.  *Id.*

*Appellee's Constitutional Claims*

Appellee alleged constitutional claims against the City for exaction, inverse condemnation, and nuisance.  Those claims under the Texas constitution are not barred by governmental immunity from suit.  *See* TEX. CONST. art. I, § 17.  A party may not, however, establish a prima facie case for those claims by merely pleading negligent acts and labeling them as one of those claims.  *See*, *e.g.*, *Callaway v. City of Odessa*, 602 S.W.2d 330, 333 (Tex. Civ. App.—El Paso 1980, no writ); *Steele v. City of El Paso*, 417 S.W.2d 923, 924 (Tex. Civ. App.—El Paso 1967, writ ref'd n.r.e.).

*Exaction*

Appellee stated in her pleadings that the City was "harming [her] property and wrongfully *exacting* water bill payments from her" (emphasis added).  The City takes the use of the word "exacting" to mean appellee is making a claim for exaction.  We agree with the City that a claim for exaction does not fit these circumstances.  Exactions are a "distinct category of regulatory takings [that occur] when the government conditions the granting of permit approval . . . on an exaction from the approval-seeking landowner."  *Town of Flower Mound v. Stafford Estates Ltd. P'ship*, 71 S.W.3d 18, 30 (Tex. App.—Fort Worth 2002) (citing *Dolan v. City of Tigard*, 512 U.S. 374, 377 (1994)), *aff'd*, 135 S.W.3d 620 (Tex. 2004).  In an exaction, "the landowner is not simply denied or restricted in some desired use of his property. Rather, in an

3

exaction takings case, some action—the exaction—is required of the landowner as a condition to obtaining governmental approval." *Id.*

Appellee argues that, although she used the verb "exacting" in her pleadings, she was not making a claim for exaction. The word was used in the "Facts" section of appellee's pleadings. In the section where she lists her claims, the damages that she claims to have suffered as a result of the city-imposed charges for water are found in the paragraph regarding her inverse condemnation claim. The pleadings refer to the charges claimed in the water bills as an "illegal taking of property for public use as well." In her brief, appellee urges that these damages are "a taking under *Jennings*"; thus, we will consider them alternatively as part of appellee's inverse condemnation claim discussed below. *City of Dallas v. Jennings*, 142 S.W.3d 310, 314 (Tex. 2004). Otherwise, if the claim is one for unconstitutional exaction, the trial court erred when it denied the City's plea to the jurisdiction upon this ground because this is not an exactions case. We sustain the City's third issue insofar as it pertains to a constitutional exactions claim.

### Inverse Condemnation

The City argues that the trial court erred when it denied the City's plea to the jurisdiction as it related to the inverse condemnation claim because appellee failed to allege a valid claim for inverse condemnation. "Inverse condemnation occurs when (1) a property owner seeks (2) compensation for (3) property taken for public use (4) without process or a proper condemnation proceeding." *City of Houston v. Norcini*, 317 S.W.3d 287, 292 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Villarreal v. Harris Cnty.*, 226 S.W.3d 537, 541 (Tex. App.—Houston [1st Dist.] 2006, no pet.)); *see City of Abilene v. Burk Royalty Co.*, 470 S.W.2d 643, 646 (Tex. 1971). To state a cause of action for inverse condemnation under the Texas constitution, a plaintiff must allege (1) an intentional governmental act; (2) that resulted in his property being taken, damaged, or destroyed; (3) for public use. *Gen. Servs. Comm'n*, 39 S.W.3d at 598.

The City asserts that appellee failed to allege facts that show an intentional act of the City. If the government knows that specific damage is substantially certain to result from its conduct, then takings liability may arise even when the government did not particularly desire the property to be damaged. *Jennings*, 142 S.W.3d at 314. Thus, when a governmental entity physically damages private property in order to confer a public benefit, that entity may be liable under Article I, section 17 if it (1) knows that a specific act is causing identifiable harm or (2) knows that the specific property damage is substantially certain to result from an authorized

4

government action—that is, that the damage is "necessarily an incident to, or necessarily a consequential result of" the government's action. *Tex. Highway Dep't v. Weber*, 219 S.W.2d 70, 71 (Tex. 1949); *accord Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 555 (Tex. 2004).

Appellee alleged that the City inspector knew she had a leak inside her property; her pleadings state that an inspector initially found only one leak, and it was inside appellee's property at the toilet cutoff. Appellee also alleged that she told the City that she was still being billed for water usage and that, at some point, the City replaced a pipe in the alley on the outside of her property. Her pleadings describe a leak, in addition to the one inside her property, that the City admitted was "in their plumbing."

However, appellee has not alleged that the City took a specific action that it knew was substantially certain to result in specific property damage to her property. Appellee does not explain, in relation to when her property was damaged, when the repair to the leak in the alley was made or when her calls to the City were made. Appellee did not live at the property in question and did not discover the damage until after its occurrence, and her pleadings did not state with any specificity when or how the damage was alleged to have occurred. Her claim that the City's representatives knowingly misrepresented facts about the existence of a leak or about checking the property is, thus, unsupported by factual allegations.

Taken as true, all that appellee's pleadings establish is that there was a leak at some point in the City's plumbing and that, at some point, the City repaired it. Appellee did not allege that the City intentionally caused the leak. At most, the City's actions in discovering and repairing the leak were negligent. *See Coyne v. Kaufman Cnty.*, 144 S.W.3d 129, 135 (Tex. App.—Eastland 2004, no pet.) ("An allegation that a person or entity failed to undertake an act it should have taken constitutes an allegation of negligent conduct."). Viewed in the light most favorable to appellee, the pleadings fail to allege an intentional act of the City rising to the level required to maintain a claim for inverse condemnation. The trial court erred when it denied the City's plea to the jurisdiction as it pertained to the inverse condemnation claim. The City's first issue on appeal is sustained. If the exaction claim is a takings claim as argued by appellee, then for the same reasons (in addition to the ones earlier stated when we discussed a constitutional exactions case), we sustain the City's Issue No. 3.

*Nuisance*

The City contends that the trial court erred when it denied the City's plea to the jurisdiction in connection with appellee's nuisance claim because appellee failed to allege a valid claim of nuisance that rises to the level of a constitutional taking. Governmental liability for nuisance arises from Article I, section 17 of the Texas Constitution. *Gotcher v. City of Farmersville*, 139 S.W.2d 361, 362–63 (Tex. Civ. App.—Dallas 1940), *aff'd*, 151 S.W.2d 565 (Tex. 1941). A city may be held liable for a nuisance that rises to the level of a constitutional taking. *Jennings*, 142 S.W.3d at 316 (citing *City of Abilene v. Downs*, 367 S.W.2d 153, 159 (Tex. 1963)). A "nuisance" is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities. *Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003). For an act of a governmental entity to qualify as a nuisance without being defeated by the doctrine of governmental immunity, the condition created by the entity must in some way constitute an unlawful invasion of property or the rights of others beyond that arising merely from its negligent or improper use. *Shade v. City of Dallas*, 819 S.W.2d 578, 581–82 (Tex. App.—Dallas 1991, no writ) (reversing summary judgment for the city on the plaintiff's nuisance claim because the city failed to prove that its act was negligent and, therefore, shielded by sovereign immunity). Nonnegligent or intentional nuisance is actionable, and the City is not immune under the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. ch. 101 (West 2011 & Supp. 2011). *See Bible Baptist Church v. City of Cleburne*, 848 S.W.2d 826 (Tex. App.—Waco 1993, writ denied).

Here, appellee has not shown or otherwise pleaded that the City created or maintained a nuisance in the course of nonnegligent performance of governmental functions. As discussed above, appellee did not allege an intentional act and has at most alleged that the City acted negligently. Furthermore, appellee did not allege that the line itself was inherently subject to frequent breaks or that the City kept the water system running in bad repair. Rather, appellee alleged only that the City continued the "intentional running of the water system for the public use when they knew it was harming Plaintiff's property." The water system itself was not a nuisance. It did not create the condition that caused discomfort and annoyance to appellee. This was done by the leak in appellee's toilet cutoff pipe. Viewed in the light most favorable to appellee, the pleadings fail to establish a claim for nuisance that rises to the level of a

constitutional taking.  The trial court erred when it denied the City's plea to the jurisdiction as it related to appellee's constitutional nuisance claims.  We sustain the City's second issue on appeal.

The judgment of the trial court is reversed, and judgment is rendered that appellee take nothing by her claims.

PER CURIAM


May 3, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.